UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IVI, INC., <br><br> Plaintiff, <br><br> v. <br><br> FISHER COMMUNICATIONS, INC., NBC UNIVERSAL, INC., AMERICAN BROADCASTING COMPANIES, INC.; CBS BROADASTING, INC., THE CW TELEVISION STATIONS, INC., DISNEY ENTERPRISES, INC., FOX TELEVISION STATIONS, INC., MAJOR LEAGUE BASEBALL, TWENTIETH CENTURY FOX FILM CORPORATION, WGBH EDUCATIONAL FOUNDATION, and WNET.ORG <br><br> Defendants. | Civil Action No. 10-cv-1512 <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NONINFRINGEMENT <br><br> JURY DEMANDED |

ivi, Inc. (a Washington corporation, which uses a lowercase "i" for its name and is referred to in this complaint as "ivi") has been accused of copyright infringement by each of the defendants in this action. ivi seeks a declaratory judgment that it has not infringed any copyrights owned by the defendants, and alleges as follows.

COMPLAINT- 1
Civil Action No. 10-cv-1512
IVII-6-1001P02 Complaint Amended

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## The Parties

1. ivi, Inc. is a company having a principal place of business in Seattle, Washington.

2. Fisher Communications, Inc. is a company having a principal place of business at 140 Fourth Avenue N., Suite 500, Seattle, Washington 98109.

3. NBC Universal, Inc. is a company having a principal place of business at 30 Rockefeller Plaza, New York, New York, 10112.

4. American Broadcasting Companies, Inc. is a company having a principal place of business at 77 West 66th Street, New York, New York, 10023.

5. CBS Broadcasting, Inc. is a company having a principal place of business at 51 W. 52nd Street, New York, New York, 10019.

6. The CW Television Stations, Inc. is a company having a principal place of business at 524 W. 57th Street, New York, New York 10019.

7. Disney Enterprises, Inc. is a company having a principal place of business at 500 S. Buena Vista Street, Burbank, California, 91521.

8. Fox Television Stations, Inc. is a company having a principal place of business at 1211 Avenue of the Americas, 21st Floor, New York, New York 10036.

9. Major League Baseball is a company having a principal place of business at 245 Park Avenue, New York, New York, 10167.

10. Twentieth Century Fox Film Corporation is a company having a principal place of business at 10201 West Pico Boulevard, Los Angeles, California, 90035.

11. WGBH Educational Foundation is a company having a principal place of business at 125 Western Avenue, Boston, Massachusetts, 02134.

12. WNET.ORG is a company having a principal place of business at 450 W. 33rd Street, New York, New York 10001.

COMPLAINT - 2
Civil Action No. 10-cv-1512
IVII-6-1001P02 Complaint Amended

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## Jurisdiction and Venue

13. As an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, this Court has exclusive jurisdiction over this action under 28 U.S.C. § 1338. The Court further has jurisdiction over the subject matter as an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.

14. Each of the Defendants is the owner of television stations located and operating within this district, or the originator of television content that is intentionally distributed for transmission by one or more television stations located in this district. Each Defendant has substantial, continuous and systematic contacts with this district through the operation of such television stations or the distribution of content intended to be transmitted from within this district and directed toward consumers residing within this district. Each Defendant is therefore subject to personal jurisdiction in the Western District of Washington.

## ivi TV & the Present Dispute

15. ivi is an entity that receives over-the-air broadcasts of television content that originates with others. Under the Copyright Act, these original over-the-air broadcasts are called "primary transmissions." ivi then makes the original content from the primary transmissions available to consumers who download the ivi TV player. The ivi TV player allows consumers to receive the television content over the Internet in much the same way that cable or satellite television consumers are able to play the identical content using a set top box or similar player. Under the Copyright Act, the subsequent distribution of the primary transmission is called a "secondary transmission."

16. Each of the Defendants claims to own copyrights in primary transmissions received by ivi and subsequently distributed by ivi as a secondary transmission.

17. The Copyright Act expressly authorizes secondary transmissions of copyrighted works embodied in primary transmissions. For example, the Copyright Act expressly approves of the secondary transmission of an original television broadcast where the secondary transmission

COMPLAINT - 3
Civil Action No. 10-cv-1512
IVII-6-1001P02 Complaint Amended

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

is subject to a statutory license. Under Section 111 of the Copyright Act, statutory licensing fees are paid periodically to the Register of Copyrights in accordance with an established scale and schedule. Section 111 further provides that the secondary transmission of an over-the-air primary transmission is not an infringement of copyrights in the works contained in the primary transmission.

18. The secondary transmission by ivi of the primary transmission of content originating with the Defendants is permissible under the statutory licensing provisions of the Copyright Act.

19. Because ivi's secondary transmissions of the original primary transmissions are allowed by the Copyright Act, ivi has not infringed any copyrights owned by any of the Defendants.

20. Despite the clear availability of the statutory license, each of the Defendants has expressly accused ivi of infringing the Copyright Act. ivi has denied that its activities constitute copyright infringement.

21. The accusations of the Defendants creates a case of actual controversy concerning whether ivi's secondary transmission constitutes an infringement under the Copyright Act.

22. Because ivi has not infringed any copyrights owned by any of the Defendants, ivi is entitled to a declaratory judgment of noninfringement of any copyrights owned by any of the Defendants.

///
///
///
///
///
///
///

BLACK LOWE & GRAHAM PLLC

COMPLAINT - 4
Civil Action No. 10-cv-1512
IVII-6-1001P02 Complaint Amended

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**REQUEST FOR RELIEF**

WHEREFORE, ivi seeks judgment as follows:

1. That ivi has not infringed any copyrights owned by any of the defendants;

2. That ivi be awarded its attorneys' fees as provided by the Copyright Act or any other applicable authority;

3. That ivi be awarded its costs in this action; and

4. That the Court award such other and further relief as it may deem just and proper.

DATED this 20th day of September, 2010.

BLACK LOWE & GRAHAM^PLLC

S/ Lawrence D. Graham
Lawrence D. Graham, WSBA No. 25,402
 Email: graham@blacklaw.com
Ellen M. Bierman, WSBA No. 23,224
 Email: bierman@blacklaw.com
David A. Lowe, WSBA No. 24,453
 Email: lowe@blacklaw.com
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

COMPLAINT - 5
Civil Action No. 10-cv-1512
IVII-6-1001P02 Complaint Amended

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301