The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVI, INC.,<br>　　　　　Plaintiff,<br>　　vs.<br>FISHER COMMUNICATIONS, INC.,<br>NBC UNIVERSAL, INC.,<br>AMERICAN BROADCASTING COMPANIES,<br>INC., CBS BROADCASTING, INC.,<br>THE CW TELEVISION STATIONS, INC.,<br>DISNEY ENTERPRISES, INC.,<br>FOX TELEVISION STATIONS, INC., MAJOR<br>LEAGUE BASEBALL, TWENTIETH<br>CENTURY FOX FILM CORPORATION,<br>WGBH EDUCATIONAL FOUNDATION,<br>AND WNET.ORG.,<br>　　　　　Defendants. | No. C10-01512 JLR<br><br>REPLY MEMORANDUM OF<br>DEFENDANTS IN SUPPORT OF<br>MOTION TO DISMISS<br>COMPLAINT<br><br>**Noted on Motion Calendar**:<br>**October 22, 2010** |

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

Plaintiff ivi, Inc. ("ivi") does not dispute that the rule against anticipatory declaratory actions is a generally accepted exception to the first-to-file rule. Instead, plaintiff argues that its filing was not anticipatory because one movant, Fisher Communications, Inc. ("Fisher"), sent ivi a cease-and-desist letter on September 14, 2010. Plaintiff says that "Defendants' motion *completely omits* the Fisher letter of September 13 [*sic*]," ivi Opp. at 4 (emphasis in original), a letter that, as demonstrated below, is of little consequence. What is of greater consequence, however, and what ivi "*completely omits*" from its opposition, is the letter that ivi sent in response to the Fisher letter claiming that ivi "would much rather work together with Fisher to reach an amicable conclusion," and that ivi was "open to engaging in discussions with Fisher to explore more direct contractual arrangements," and offering to "arrange a meeting with ivi principals at your convenience." *See* attached Declaration of Daniel M. Kummer ("Kummer Decl."), ¶ 3.

These settlement overtures were made disingenuously; ivi by its own admission had already concluded that it was "clear that the dispute would only be resolved in litigation." ivi Opp. at 5. As the chronology set forth below demonstrates, ivi's letter was sent to assuage Fisher's concerns so that Fisher would not sue ivi in a forum of its choosing before ivi was ready to file its own suit in Seattle against a critical mass of complainants. Once ivi received a cease-and-desist letter from the bulk of the television industry, it marched into court the very next business day.

ivi's declaratory complaint, and its feigned settlement overtures, invoke the same public policy considerations underlying the leading anticipatory filing cases. *See, e.g., Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982); *Topics Entertainment Ltd. v. Rosettal Stone Ltd.*, No. C09-1408RSL, 2010 WL 55900, at *4 (W.D. Wash. 2010) (injured parties should not be "discouraged from first attempting to resolve their claims without resorting to litigation;" courts should not "encourag[e] intellectual property holders to file suit rather than communicate with an alleged infringer"). Permitting

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 1
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

ivi's declaratory action to proceed would send the message that movants (who regularly confront infringements of numerous types) must, in order to preserve their choice of venue, first file a lawsuit against an infringer rather than make any attempt to resolve the matter without judicial involvement.

Plaintiff argues also that venue is more appropriate in Seattle than in New York because ivi is a small company with few employees who would be burdened by having to litigate in New York.  In particular, ivi's principal, Mr. Todd Weaver, submitted to the Court a declaration stating that he has "not traveled to New York in the past several years for either personal or business purposes, and not been to New York with respect to any of the alleged conduct concerning the business of ivi," and that the "inconvenience and expense ivi would expect to experience if forced to defend itself in New York would pose a tremendous hardship."  ivi Opp., Declaration of Todd Weaver, ¶¶ 7, 9.

Mr. Weaver executed his declaration on October 6, 2010.  Ironically, Mr. Weaver had previously agreed to speak in New York City on that very day in order to promote the ivi service.  According to an ivi press release:

> ivi's founder and CEO, Todd Weaver, will be speaking on a panel at The Adweb 3.0 conference on October 6, 2010, at The Cornell Club, New York, NY.  He will join the likes of Magid Abraham, CEO, ComScore, Ed Montes, EVP, Havas Digital, and Peter Bordes, CEO, MediaTrust, among other top thought leaders, to debate relevant issues and how ivi instantly becomes a major player in the battle for consumers' attention and potentially for the $180 billion global TV advertising market.

Kummer Decl., ¶ 4.  According to a more recent ivi press release, Mr. Weaver is "confirmed" to speak in New York City on November 11 and 12, 2010 (and elsewhere throughout the country) to promote ivi.  Kummer Decl., ¶ 5.  We do not know, at this time, whether Mr. Weaver has honored or will honor his New York City speaking engagements -- or whether he has cancelled or will cancel those engagements in order to support the claims

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 2
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

made in his opposition to the pending motion to dismiss. It is clear, however, that, when it suits ivi's commercial interests, Mr. Weaver and ivi have no difficulty whatsoever in agreeing to venture outside Seattle to take advantage of New York City.

Indeed, ivi is improperly seeking to insert itself into the ongoing negotiations between movant FOX and a major New York City cable system (Cablevision) concerning the retransmission by Cablevision of the FOX New York City television stations (WNYC and WWOR). By law, cable systems such as Cablevision must negotiate for consent to retransmit broadcast television signals such as WNYW and WWOR. *See* 47 U.S.C. § 325. ivi claims that it (unlike Cablevision) does not need such consent. Kummer Decl., ¶¶ 3, 11. Accordingly, in an effort to capitalize on this position, ivi originally publicized itself throughout New York as an alternative to Cablevision. Kummer Decl., ¶ 6. More recently, ivi has sought to partner with Cablevision, claiming that Cablevision can gain "significant leverage" against FOX by offering ivi "for free" (while paying ivi to do so). *See* attached Declaration of Scott Grogin.

As ivi is stealing the signals of a number of prominent New York stations, including WCBS, WNBC, WNYW, WABC, WPIX, WNET, and WWOR, and has announced its plan to stream over the open Internet stations in other cities outside Seattle, it should come as no surprise to ivi that the country's major broadcasters and content owners, which are based in New York City, would chose New York rather than Seattle as the proper venue. ivi's assertion that it expected suit to be filed in Seattle is simply not credible. ivi knew exactly what it was getting into when it began streaming the primary New York signals of all of the major networks throughout the United States (and until recently, throughout the world).

Indeed, ivi accompanied the filing of its anticipatory action with a press release, indicating not that this is a Seattle-based dispute, but rather a "Challeng[e to] 'Big Media' to Innovate Rather than Litigate." Kummer Decl., ¶ 7. ivi claimed that: "In less than one week since its launch, ivi TV™ has successfully managed to . . . stir significant industry debate,

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 3
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

and attract the attention of every major broadcaster in the U.S." *Id*. It proudly listed all of the parties from across the nation that had sent it cease and desist letters. And it acknowledged that its service was "disruptive" to the existing means by which all broadcast television programming lawfully reaches the public. *Id*. ivi subsequently proclaimed that it would "be eating the[] lunch" of cable operators and satellite providers – those that abide by the law and obtain consent before retransmitting broadcast signals. Kummer Decl., ¶ 8

ivi may be a small company with few employees, but there is nothing small about the damage that it is causing at every level of the United States television broadcast industry. Each and every day, ivi – by streaming over the Internet hundreds of copyrighted television programs without consent – seriously and irreparably injures numerous broadcast stations and networks, producers, motion picture studios, sports companies and other content owners. ivi's claim – that it can inflict this injury simply be declaring itself to be a "cable system" and paying a fee to the Copyright Office – is preposterous. As explained in the movants' motion for a temporary restraining order and preliminary injunction in New York, the Copyright Office itself has made clear that a service such as ivi's, which streams broadcast programming nationwide over the open Internet, is not a "cable system."

The natural claimants have submitted their prayers for relief to the United States District Court for the Southern District of New York. The Honorable Naomi Reice Buchwald, to whom the case has been assigned, has advised the parties that if this Court grants our motion to dismiss, she is prepared to deal expeditiously with the natural claimants' pending motion for emergency relief.

There are other parties to the New York action than the movants here, and the ongoing injury to all of them is enormous. The fairest and most efficient manner for resolution of this dispute is for the Court to dismiss ivi's anticipatory declaratory action and permit Judge Buchwald to address the substantive issues without further delay.

### I.     IVI'S COMPLAINT IS AN IMPROPER ANTICIPATORY FILING

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 4
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

ivi's opposition, by inadvertence or design, scrambles the order in which the claimants' cease-and-desist letters were sent, and omits any mention of the responsive letters sent by ivi before filing its complaint here. The correct chronology is as follows:

1. **Fisher Communications' September 14, 2010 Letter**

This letter was sent from a Raleigh, North Carolina, law firm which identified itself as "outside counsel to Fisher Communications, Inc.," the day after ivi commenced operation. Kummer Decl., ¶ 9. While ivi's opposition asserts that based on Fisher's September 14 letter, "[i]t became clear that the dispute would only be resolved in litigation, and that the litigation would occur in Seattle," ivi Opp. at 3, Fisher's letter gives no indication that an action would be filed by the North Carolina firm in Seattle. It stated simply that "[i]f ivi does not immediately cease and desist your unauthorized retransmissions and defamatory statements, Fisher will take action to vigorously enforce its legal rights." Kummer Decl., ¶ 9. The Fisher letter may have created a case or controversy between ivi and Fisher, but did not create a case or controversy between ivi and anyone else.

2. **NBC Universal's September 14, 2010 Letter**

The same day the Fisher letter was sent, counsel for a second movant, NBC Universal, Inc. ("NBCU"), wrote a cease-and-desist letter to ivi, which was sent by overnight mail to arrive on September 15. Kummer Decl., ¶ 10. That letter, sent by a lawyer from NBCU's headquarters in New York, says nothing about Seattle, and asserts rights on behalf of the NBC network and stations. ivi's opposition repeatedly refers to the NBCU letter as the "third" cease-and-desist letter it received, but that is false. Like the Fisher letter, the NBCU letter may have created a case or controversy between ivi and the NBCU entities, but no one else. NBCU's cease-and-desist letter demanded a response by September 21, 2010. *Id*.

3. **ivi's September 17, 2010 Responsive Letters**

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 5
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

On Friday, September 17, 2010, shortly after 4:00 pm EDT, ivi's counsel sent substantially similar letters to Fisher and to NBC Universal responding to their cease-and-desist demands. After an attempt to defend ivi's position, the letters invited both potential claimants to discuss an amicable resolution:

> Finally, *ivi TV would much rather work together with [Fisher/NBC Universal] to reach an amicable conclusion to this issue*…. ivi seeks to generate revenue by the distribution of television content over the Internet, and *would be eager to negotiate an arrangement with [Fisher/NBC Universal]* in which both sides can profitably protect the content under all applicable laws while taking advantage of the Internet as a new channel of distribution…. While we remain confident that we have adopted a model that is allowed under all applicable laws, *we are also open to engaging in discussions with [Fisher/NBC Universal] to explore more direct contractual agreements* under which ivi would distribute content originating with [Fisher/NBC Universal]. We look forward to your response, and can *arrange a meeting with ivi principals at your convenience*.

Kummer Decl., ¶¶ 3, 11. (emphasis supplied). As ivi conceded in its opposition to the pending motion, it believed that the receipt of the two cease-and-desist letters made "clear that the dispute would only be resolved in litigation." ivi Opp. at 5. The settlement overtures in ivi's responsive letters were, accordingly, designed to deceive. *See Charles Schwab & Co. v. Duffy*, 49 U.S.P.Q.2d 1862, 1864 (N.D.Cal.1998) (holding dismissal of first-filed action would be proper where declaratory plaintiff won the race to the courthouse in part by sending a letter to the declaratory defendant that misled the defendant as to the plaintiff's settlement intentions).

ivi knew at this point that it likely had a case or controversy against Fisher and NBCU, but not against anyone else. ivi was apparently either unaware of the rule against anticipatory filing, or else chose to disregard it. In either event, ivi was apparently waiting for a critical mass of cease-and-desist demands to come in, after which it would immediately file the first action in Seattle against the authors of all of them. But the success of that

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 6
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

strategy was dependent upon Fisher and NBCU refraining for at least a short time from filing suit against ivi somewhere other than Seattle, which would motivate other prospective claimants to do the same. Hence the letters ivi sent to Fisher and NBCU, suggesting that an amicable resolution was possible, were designed to make the recipients less inclined to file an action against ivi before ivi had established a case or controversy against a larger group of complainants.

### 4.  Arnold & Porter's September 17, 2010 Letter

Later on September 17, 2010, at 7:12 pm EDT, several parties represented by the New York and Washington-based Arnold & Porter LLP law firm sent a letter to ivi setting a cease-and-desist deadline of September 22, 2010. Kummer Decl., ¶ 12. The letter established a case or controversy between ivi and all of the major television networks, several commercial and non-commercial television station owners, motion picture studios, distributors of public broadcasting programming, Major League Baseball, and other content owners. ivi responded by filing its complaint at 7:46 am PDT on the next business day against Fisher, NBCU, and the Arnold & Porter-represented parties.

ivi's complaint makes no secret of the fact that it was filed in response to the various cease-and-desist letters. Indeed, it begins: "ivi, Inc. … has been accused of copyright infringement by each of the defendants in this action. ivi seeks a declaratory judgment that it has not infringed any copyrights owned by the defendants, and alleges as follows. …" Cmpt. at 1. ivi's acknowledgement that it believed as soon as it received the Fisher letter that litigation was inevitable, and its offer and lightning quick withdrawal of settlement overtures to Fisher and NBCU, make clear that its conduct throughout this period was designed to maneuver a case against a large segment of the television industry into court in Seattle.

ivi's opposition cites *Hagens Berman Sobol Shapiro LLC v. Rubinstein*, 2009 U.S. Dist. LEXIS 104619 (W.D. Wash. 2009), as supporting its conduct, but that case holds

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 7
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

merely that an allegation by a defendant that a lawsuit is a "preemptive strike" is not, standing alone, a basis for dismissal. That case had nothing to do with cease-and-desist letters, deadlines for compliance, or declaratory actions – the factors that characterize anticipatory filings such as ivi's. *Koninklijke Philips Electronics N.V. v. Cardiac Science, Inc.*, 2003 U.S. Dist. LEXIS 17153 (W.D. Wash. 2003), also cited by ivi, involved a declaratory action filed six months after receipt of the cease-and-desist letter, and a second action filed four months after that. The principal dispute in that case was whether the two actions were in fact substantially similar, an issue not presented here.

In filing its anticipatory action upon receipt of the movants' cease-and-desist letters, ivi sought to deprive the natural claimants of their right to choose the forum for litigation. Declaratory jurisdiction was not designed to permit that result. Rather, "[t]he purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim." *Shell Oil v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961). *See also Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) (where the party claiming infringement promptly brings suit, the need to resolve any "cloud" of uncertainty is non-existent and the court may decline to entertain the declaratory judgment action").

ivi's press release announcing the filing of its declaratory action candidly described that move as "preemptive":

> In a move to further bolster the company's legal right to retransmit broadcast signals, ivi, Inc., responded to the numerous cease and desist letters by also filing a Complaint for Declaratory Judgment of Copyright Noninfringement in the United States District Court in Seattle, Washington on Monday, *a preemptive move to discourage needless litigation from big media*. (Case reference is ivi, Inc. v. Fisher Communications, Inc. et al, Case Number: 2:10-cv-01512 https://ecf.wawd.uscourts.gov/cgi-bin/DktRpt.pl?170422).

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 8
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

Kummer Decl., ¶ 7 (emphasis supplied).  It is difficult to understand exactly how one "discourages needless litigation" by filing a complaint in federal court.  What is clear, however, is that ivi's tactics bear no resemblance to the proper rationale for a declaratory filing – the need to resolve a legal issue that the natural claimant is unwilling to take to court.

ivi also mischaracterizes the nature of the inquiry before the Court.  The task is not to decide whether there was "bad faith" or "forum shopping," even though there is ample evidence of both in ivi's conduct here.  The task is to determine whether ivi's first suit is an "anticipatory" one, and the record makes clears that it was.  *See Alltrade, Inc. v Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, *and* forum shopping. . . . [D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principles *for reasons of equity*") (citations omitted) (emphasis supplied).  Where a suit follows shortly after receiving a cease and desist notice, courts typically infer that the declaratory suit is anticipatory.[1]

---

[1] *See Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906, 908-09 (N.D. Ill. 1998) (concluding that first suit was an anticipatory "rush to the courthouse" where declaratory plaintiff filed suit six days after receiving notice of infringement and before the ten-day deadline referenced in said notice); *Remington Arms Co. v. Alliant Techsystems, Inc.*, 2004 WL 444574 at *4 (M.D.N.C. Feb. 25, 2004) (suit was anticipatory where it was filed six days after cease and desist letter that contained a seven-day deadline; "[s]uch a short period of time between the letter and the filing, especially where the filing was made just before the letter expired, suggests that [the declaratory plaintiff] raced to this courthouse in order to usurp [other parties'] choice of forum."); *Anheuser-Busch Corp. v. Supreme Intern. Corp.*, 167 F.3d 417, 418 (8th Cir. 1999) (affirming district court's dismissal of first-filed suit where declaratory action was filed five days after plaintiff received cease and desist notice; "[t]his short period of time suggests that [declaratory plaintiff] raced to the courthouse to usurp [opposing party's forum choice]"); *Payne v. Kennedy Johnson Gallagher LLC*, 2010 WL 2079928 at *3-4 (D. Ariz. May 24, 2010) (concluding that suit was anticipatory where it was filed five days after declaratory plaintiff received notice that defendant's suit was imminent); *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (anticipatory suit where plaintiff filed suit the day after receiving government demand to pay disputed penalty "forthwith"); *cf. Verizon Comms., Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 875 (8th Cir. 2002) (facts did not suggest a rush to the courthouse by declaratory plaintiff where suit was filed six weeks after cease and desist letter was received and after plaintiff submitted requests for information from the other party).

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 9
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

## II. THE BALANCE OF CONVENIENCE WEIGHS IN FAVOR OF NEW YORK

For ivi to retransmit television programming from New York City stations, ivi must be operating equipment within New York to capture the television signals. New York City is, by any standard, the center of the United States television industry. Every major television network has its headquarters between West 50th and West 66th Streets in Manhattan. The "$180 billion global TV advertising market" for which ivi seeks to become a "major player" (*see supra* page 2) is centered on Madison Avenue. The headquarters of movant Major League Baseball is on Park Avenue. Of the natural claimants, only Fisher has its home in Seattle. ivi is causing harm to the television industry and that harm is centered in and most keenly felt in New York.

The business executives and counsel of the claimants in this litigation are deeply concerned about ivi's activities, and are following the litigation closely. Many of them intend to attend hearings in this case, and several are likely to testify at the preliminary injunction hearing, and ultimately at any trial. Requiring them to make transcontinental trips to participate in the litigation would simply aggravate the damage that ivi is causing.

By contrast, we have been able to identify only two people actively involved in the ivi business – Todd Weaver, resident in Seattle, and ivi's public relations representative and partner, Hal Bringman, resident in Los Angeles. To the extent that they need to be involved in discovery or to appear at a deposition, that can be done at their place of residence. It may be that one or both will wish to attend the preliminary injunction hearing in New York. However, given that ivi has already scheduled various appearances in New York City, has injected itself into retransmission consent negotiations in New York City and seeks to become "a major player in the battle for consumers' attention and potentially for the $180 billion global TV advertising market," attendance at that hearing should not pose any of the problems that ivi claims in its opposition.

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 10
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

The New York courts have no general superiority over courts in other parts of the country, and judges in the Southern District of New York have certainly transferred cases within their jurisdiction to this Court in appropriate circumstances. *See, e.g., Higgins v. Amazon.Com, Inc.*, 2002 WL 31760237 (S.D.N.Y. 2002); *Liberty Mut. Fire Ins. v. Costco Wholesale Corp.*, 2007 WL 2435159 (S.D.N.Y. 2007); *Age Group Ltd. v. Regal Logistics, Corp.*, 2007 WL 2274024 (S.D.N.Y. 2007).  But the circumstances here favor a New York forum because that is where ivi's wrongdoing is having the most serious effect, because there are plaintiffs in New York that have not been made parties here, and because the natural plaintiffs are entitled to their choice of forum.

ivi asserts that the docket in Seattle is shorter than that in the Southern District of New York, and that cases here typically come to trial more quickly.  That may be typical, but Judge Buchwald has already assured counsel for all parties that she appreciates the importance of this case and will act promptly with respect to scheduling.  There is no basis for concluding that the New York court would proceed any less expeditiously than would this Court.

ivi has one final argument as to why Seattle is a more appropriate forum than New York:

> In addition to the Defendants already named in this action, ivi has been accused of copyright infringement by an additional Seattle-based television broadcaster. Weaver Dec., at ¶ 11. This additional accusation relates to the transmission of signals originating in Seattle, and therefore any subsequent legal action related to those transmissions would be brought in Seattle. Consequently, a legal action is likely to proceed in Seattle in addition to New York even if this action is dismissed. Allowing two actions to proceed in this instance would not only be inefficient, but it would potentially lead to inconsistent results.

ivi Opp. at 9. The accusation to which ivi refers is set out in a letter of September 27, 2010 from "counsel to Cox Media Group, Inc. ("CMG"), the parent of KIRO-TV, Inc." Kummer Decl., ¶ 13.  What ivi fails to disclose is that Cox Media Group, Inc., although not a party

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 11
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

here, is already one of the plaintiffs in the Southern District of New York action. We agree that "[a]llowing two actions to proceed in this instance would not only be inefficient, but it would potentially lead to inconsistent results," and that is yet another reason that the Court should exercise its discretion to dismiss ivi's complaint and permit the New York action to go forward.

## CONCLUSION

For the foregoing reasons, and those set forth in our initial memorandum, the Court should dismiss this action in favor of the action pending in the United States District Court for the Southern District of New York.

Dated: October 21, 2010.

*s/ Warren J. Rheaume*
Warren J. Rheaume, WSBA # 13627
Rebecca Francis, WSBA #41196
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
T: (206) 622-3150
F: (206) 757-7700
Email: warrenrheaume@dwt.com
Email: rebeccafrancis@dwt.com

Attorneys for Defendants

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 12
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2010, I electronically filed the foregoing REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lawrence D. Graham
graham@blacklaw.com

David Allen Lowe
lowe@blacklaw.com

Ellen M. Bierman
ellenb@blacklaw.com

DATED this 21st day of October, 2010.

*s/ Warren J. Rheaume*
Warren J. Rheaume, WSBA #13627
Davis Wright Tremaine, LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
T: (206) 757-8265
F: (206) 757-7265
E-mail:  warrenrheaume@dwt.com

REPLY MEMO OF DEFENDANTS IN SUPPORT
OF MOTION TO DISMISS COMPLAINT - 13
(C10-01512 JLR)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 15831937v1 0092778-000001