UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVI, INC., <br><br> Plaintiff, <br><br> v. <br><br> FISHER COMMUNICATIONS, INC., et al., <br><br> Defendants. | CASE NO. C10-1512JLR <br><br> ORDER |

## I. INTRODUCTION

This matter is before the court on Defendants' motion to dismiss Plaintiff ivi, Inc.'s ("ivi")[1] complaint. (Dkt. # 5.) Defendants are all claimants in an action in the United States District Court for the Southern District of New York that is essentially the mirror image of this one, but was filed one week later. Defendants contend that the court

---

[1] The Plaintiff uses a lowercase "i" for its name. (Compl. (Dkt. ## 1 & 3) at 1.) When ivi appears as the first word in a sentence, the court will refer to ivi as "[i]vi" in recognition of the rule of punctuation that requires the first letter of a sentence to be capitalized.

ORDER- 1

should deviate from the first-to-file rule and dismiss this action because it is an improper anticipatory suit. The court has considered the motion, all submissions filed in support of and opposition to the motion, as well as all of the pleadings on file. No party has asked for oral argument, and the court deems this motion appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS Defendants' motion to dismiss (Dkt. # 5).

## II.     BACKGROUND

[i]vi is a Seattle, Washington based company that obtains over-the-air broadcasts of television content that originates with broadcast providers in Seattle, Washington, and New York, New York. (*See* Mot. (Dkt. # 5) at 3; Resp. (Dkt. # 17) at 2.) [i]vi then distributes those broadcasts over the Internet to customers who download the ivi TV player. (*See* Mot. at 3; Resp. at 2.) Defendants are television networks, stations, and others who own broadcast television stations serving the New York, New York and Seattle, Washington markets, or who own copyrighted programming exhibited on one or more of the stations serving New York and Seattle. (Mot. at 1, 2.)

[i]vi began operations on September 13, 2010. (Mot. at 3; Resp. at 3.) One day later, on September 14, 2010, counsel for Defendant Fisher Communications, Inc. ("Fisher"), sent a "cease and desist" letter to ivi, demanding as follows:

> . . . Fisher hereby demands that ivi immediately cease and desist from retransmitting [Fisher's Television Station KOMO-TV's] signals by all means and to all people. Fisher also hereby demands that ivi immediately cease and desist from stating either Fisher or the Station has granted ivi retransmission consent to retransmit the Station's signals via Internet distribution. If you do not immediately cease and desist your unauthorized

retransmissions and defamatory statements, Fisher will take action to vigorously enforce its legal rights.

(Kummer Decl. (Dkt. # 33) Ex. 7.) On the same day, counsel for Defendant NBC Universal ("NBCU"), also sent a "cease and desist" letter to ivi on September 15, 2010, which set a deadline of September 21, 2010 for ivi to confirm in writing that it had ceased all copyright infringement or other activity in violation of federal and state law. (*Id.* Ex 8.)

On Friday, September 17, 2010, ivi sent substantially similar letters to both Fisher and NBCU responding to their "cease and desist" letters. [i]vi invited both Fisher and NBCU to discuss an amicable resolution and to negotiate an agreement to resolve the dispute. Specifically, ivi's letters stated:

> . . . ivi TV would much rather work together with [Fisher/NBCU] to reach an amicable conclusion to this issue . . . . ivi seeks to generate revenue by the distribution of television content over the Internet, and would be eager to negotiate an arrangement with [Fisher/NBCU] in which both sides can profitably protect the content under all applicable laws while taking advantage of the Internet as a new channel of distribution . . . . While we remain confident that we have adopted a model that is allowed under all applicable laws, we are also open to engaging in discussions with [Fisher/NBCU] to explore more direct contractual agreements under which ivi would distribute content originating with [Fisher/NBCU]. We look forward to your response, and can arrange a meeting with ivi principals at your convenience.

(*Id.* Exs. 1 & 9.)

Also on Friday, September 17, 2010, counsel for the remaining Defendants, including American Broadcasting Companies, Inc., CBS Broadcasting Inc., The CW Television Stations Inc., Disney Enterprises, Inc., Fox Television Stations, Inc., Major League Baseball, Twentieth Century Fox Film Corporation, the WGBH Educational

ORDER- 3

1  Foundation and WNET.ORG, sent a third "cease and desist" letter to ivi. (*Id.* Ex. 10.)
2  This third letter demanded "that no later than September 22, 2010, ivi cease and desist
3  from distributing . . . the broadcasts of [several specific] stations," and set a deadline of
4  September 22, 2010. (*Id.*)  The letter also warned that the Defendants "expressly reserve
5  all rights and remedies under all applicable federal and state laws." (*Id.*)
6         Despite its Friday, September 17th overtures of possible negotiation and
7  settlement to Fisher and NBCU, on the following Monday, September 20, 2010, ivi filed
8  a declaratory judgment action seeking a declaration of non-infringement in the Western
9  District of Washington – effectively preempting the September 21 and 22 deadlines set
10 forth in two of the "cease and desist" letters. (*See* Compl. & Am. Compl. (Dkt. ## 1 &
11 3).)  In its response to the motion to dismiss, ivi attempts to justify its early filing by
12 stating that it "responded in writing" to the Fisher letter, "but received no further
13 response from Fisher," and that "[i]t became clear that the dispute would only be resolved
14 in litigation . . . ." (*See* Resp. at 3.)    In actuality, based on the timeline of events
15 delineated above, neither Fisher nor NBCU would have had a reasonable opportunity to
16 respond to ivi's Friday, September 17, 2010 overture because ivi immediately filed suit
17 on the following business day, Monday, September 20, 2010.  Of course, pre-litigation
18 settlement negotiations were never even a possibility with regard to the other remaining
19 Defendants because ivi's only response to their "cease and desist" letter was the filing of
20 this lawsuit the following business day.
21        On the same day that it filed suit, ivi also declared in a press release that "ivi . . .
22 responded to the numerous cease and desist letters by . . . filing a Complaint for

ORDER- 4

Declaratory Judgment of Copyright Noninfringement in the United States District Court in Seattle, Washington on Monday, a preemptive move to discourage needless litigation from big media." (Kummer Decl. Ex. 5.)

On September 28, 2010, Defendants here, along with additional claimants, filed suit against ivi, as well as its Chief Executive Officer, Todd Weaver, in the United States District Court for the Southern District of New York, alleging copyright infringement. (Mot. Ex. 5.)

### III.   ANALYSIS

Under the first-to-file rule, a district court may transfer, stay, or dismiss an action when a suit involving similar parties and issues has been filed in another district. *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982).  In applying this rule, a court looks at three threshold factors:  (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues.  *Pacesetter,* 678 F.2d at 95.

Although the rule should not be disregarded lightly, it includes "an ample degree of discretion, appropriate for disciplined and experienced judges."  *Alltrade,* 946 F.2d at 628.  Even if the threshold factors are met, district courts can, in the exercise of their discretion, dispense with the rule for reasons of equity, such as when the filing of the first suit was anticipatory.  *Id.* at 627.  There is no dispute that the Washington action was filed before the New York action, and that the two actions involve similar parties and issues.  Thus, the question of whether the first-to-file rule applies, or should be disregarded, turns on whether the Washington action was anticipatory.

An action is anticipatory when the plaintiff files it after receiving "specific, concrete indications that a suit by the defendant is imminent." *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 271 (C.D. Cal. 1998). "[A]nticipatory suits are disfavored because they are examples of forum shopping." *Z-Line Designs,* 218 F.R.D. at 665. Further, "[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse." *DeFeo v. Proctor 7 Gamble Co.,* 831 F. Supp. 776, 778 (N.D. Cal. 1993); *Gribin v. Hammer Galleries,* 793 F. Supp. 233, 234-35 (C.D. Cal. 1992). "Application of the first to file rule in such situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with the alleged infringer." *Z-Line Designs,* 218 F.R.D. at 665.

Case law within this circuit instructs "that when, as here, a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action brought by the true plaintiff in the dispute to proceed to judgment rather than the first." *K-Swiss, Inc. v. Puma AG Rudolf Dassler Sport,* No. CV 09-3022 GAF (PLAx), 2009 WL 2049702, at * 3 (C.D. Cal. July 9, 2009); *see also Xoxide, Inc. v. Ford Motor Co.,* 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006); *Z-Line Designs, Inc.,* 218 F.R.D. at 667; *First Fishery Development Serv. v. Lane Labs USA, Inc.,* No. CIV. 97-1069-R, 1997 WL 579165, at *2-4 (S.D. Cal. July 21, 1997).

[i]vi received not one, but three, "cease and desist" letters in short succession. (Kummer Decl., Exs. 7, 8 & 10.) Two of those letters set specific deadlines for compliance on September 21, 2010, and September 22, 2010. (*Id.* Exs. 8 & 10.) [i]vi

An action is anticipatory when the plaintiff files it after receiving "specific, concrete indications that a suit by the defendant is imminent." *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 271 (C.D. Cal. 1998). "[A]nticipatory suits are disfavored because they are examples of forum shopping." *Z-Line Designs,* 218 F.R.D. at 665. Further, "[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse." *DeFeo v. Proctor 7 Gamble Co.,* 831 F. Supp. 776, 778 (N.D. Cal. 1993); *Gribin v. Hammer Galleries,* 793 F. Supp. 233, 234-35 (C.D. Cal. 1992). "Application of the first to file rule in such situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with the alleged infringer." *Z-Line Designs,* 218 F.R.D. at 665.

Case law within this circuit instructs "that when, as here, a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action brought by the true plaintiff in the dispute to proceed to judgment rather than the first." *K-Swiss, Inc. v. Puma AG Rudolf Dassler Sport,* No. CV 09-3022 GAF (PLAx), 2009 WL 2049702, at * 3 (C.D. Cal. July 9, 2009); *see also Xoxide, Inc. v. Ford Motor Co.,* 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006); *Z-Line Designs, Inc.,* 218 F.R.D. at 667; *First Fishery Development Serv. v. Lane Labs USA, Inc.,* No. CIV. 97-1069-R, 1997 WL 579165, at *2-4 (S.D. Cal. July 21, 1997).

[i]vi received not one, but three, "cease and desist" letters in short succession. (Kummer Decl., Exs. 7, 8 & 10.) Two of those letters set specific deadlines for compliance on September 21, 2010, and September 22, 2010. (*Id.* Exs. 8 & 10.) [i]vi

responded to two of three "cease and desist" letters on Friday, September 17, 2010, stating in writing its willingness to negotiate and arrive at an amicable arrangement short of litigation. (*Id.* Exs. 1 & 9.)  The record demonstrates, however, the disingenuity of ivi's settlement posture, because on the following Monday, September 20, 2010, ivi filed suit in the Western District of Washington.  (*See generally* Compl. & Am. Compl.)  To justify this questionable behavior, ivi implies in its memorandum that when it "received no . . . response" to its offers to negotiate, "[i]t became clear that the dispute would only be resolved in litigation . . . ." (Resp. at 3.)  The problem with this assertion is that ivi left no time for the Defendants to respond – it sent its letter on a Friday, and filed suit on the following Monday morning.  *See First Fishery,* 1997 WL 579165, at * 3 ("The swiftness with which Plaintiff reacted to Defendant's ultimatum indicates that, far from seeking to resolve uncertainty and settle legal relations . . . , Plaintiff simply wanted to wrest the choice of forum away from the allegedly aggrieved party.").  If there was any question left regarding the anticipatory nature of ivi's suit, that question was resolved by ivi's own press release which acknowledged that its lawsuit was "a preemptive move" against "big media." (Kummer Decl. Ex. 5.)  The totality of the circumstances here leads the court to conclude that ivi filed the action here because of imminent threat of suit by the Defendants, and to secure its own forum.  While the court notes the importance of generally adhering to the first-to-file rule, in this case, it properly exercises its discretion

to recognize an exception and to decline to hear ivi's case.[2]

## IV. CONCLUSION

For the foregoing stated reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 5), and the matter is DISMISSED without prejudice to ivi's rights to seek any appropriate claims or other relief in the Southern District of New York lawsuit.

Dated this 18th day of January, 2011.

JAMES L. ROBART
United States District Judge

---

[2] Although other options available to the court in these circumstances are (1) to transfer the action to the Southern District of New York for consolidation with the lawsuit that is already pending there, or (2) to stay the action pending here, none of the parties in this action have requested such relief. In addition, because an action which is essentially the mirror image of this one (albeit with additional parties) is already pending in the Southern District of New York, and because the court dismisses this action without prejudice to ivi pursuing any appropriate claim or other relief in the New York action, the court does not find that transfer or a stay, rather than dismissal, is warranted here.

Defendants also argued that the court should dismiss this action because the balance of convenience weighs in favor of the Southern District of New York forum, because the court dismisses ivi's action based on its anticipatory filing of this lawsuit, the court need not decide this issue.